UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ENCAR ARNOLD,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DISTRICT COURT., *et al*.<br><br>  Defendants. | Case No. 1:23-cv-00266-ADA-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>(Docs. 14)<br><br>**21-DAY DEADLINE** |

Pending before the Court is Defendant the United States of America's motion to dismiss Plaintiff Marie Encar Arnold's ("Plaintiff") complaint (Doc. 14) and the parties' respective applicable opposition and reply. (Docs. 16, 22). On April 26, 2023, the Honorable District Judge Ana de Alba referred the pending motion to dismiss to the undersigned, consistent with 18 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 304(a). (Doc. 16). For the foregoing reasons, the Court will recommend Defendant's motion to dismiss be granted, Plaintiff's motion to transfer venue be denied, and Plaintiff's complaint be dismissed with prejudice and without leave to amend.

**Background**

On February 22, 2023, Plaintiff filed a complaint against Defendants the United States of America, the "United States District Court," the United States Department of Justice, the United States Marshals Service, and Russel Slope. *See generally* (Doc. 1). The 50-page complaint, appended with

1

approximately 90 pages of exhibits, is convoluted and difficult to comprehend.  (Doc. 1 at 1-50). Liberally construed, Plaintiff alleges that on April 22, 2021, she filed pleadings at the Clerk's Office in the United States District in San Francisco, California.  *Id*. at 4.  Thereafter, Plaintiff went to the building's cafeteria where "Defendant USMS George Nichols" ("USMS Nichols")[1] approached her table and talked to her.  *Id*.  Plaintiff claims USMS Nichols was "stating out loud criminal defense" and that he committed an unwarranted invasion of her privacy, "tampering with victim, witness, or an informant during civil case litigation, education, job search, spying on bank account, assets, [social security number]" and retaliated against her.  *Id*. at 4-5.

At some point, Plaintiff filed a complaint letter to USMS Russel Slope ("USMS Slope") regarding Nichols' behavior.  *Id*. at 6.  Plaintiff alleges USMS Slope improperly interrogated her.  *Id*.  Thereafter, Plaintiff claims USMS Nichols and Slope engaged in "[cyber-hacking], tampering civil cases, using under cover spy ops" to intrude on her personal and professional life.  *Id*. at 6-7.  Plaintiff states as a result of USMS Nichols and Slope's actions she and her daughters suffered mental and emotional distress, medical issues, financial hardship, and her cars and property were damaged.  *Id*. at 8.

The complaint also includes allegations about Plaintiff and her daughters experiencing "high voltage shocks…painful poking needle" claims revolving around radio frequency identification, mind threats, and "memories of chips medical procedures."  *Id*. at 30.  Plaintiff asks the Court to award her $10 billion in damages, protection from the U.S. government, or a job position with Federal Protective Services, that the Electronic Communication Privacy Act be abolished and to abolish the "vote from 2008-2022."  *Id*. at 50.

**Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

    **A. Legal Standard**

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or

---

[1] Although Nichols is referred throughout the complaint as "Defendant," he in fact is not named in the caption of the complaint and no summons was issued for his service.

otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (a court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are baseless. *Id*. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears in any way possible the defects can be corrected. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, leave to amend need not be given. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**B. Discussion**

This Court lacks subject-matter jurisdiction to hear Plaintiff's claims. As set forth above, *supra* at 2, Plaintiff's allegations are inherently implausible and expressly implicate the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction. *See e.g.*, *Christiana v. United States*, No. SA CV 17-0089-DOC (JCGx), 2017 WL 6512220, at *2 (C.D. Cal. Mar. 29, 2017) (dismissing action where Court determined it lacked jurisdiction over claims that the United States was "electrically shocking parts of Plaintiff's body" and "burglarizing Plaintiff's home" as "inherently implausible and obviously without merit"); *Schultz v. Krause*, No. S-11-1796 MCE GGH PS, 2011 WL 6293939, at *4, (E.D. Cal. Dec. 12, 2011) (the Court found on their face, Plaintiff's conspiracy and spying claims were "so bizarre and delusional that they are wholly insubstantial and cannot invoke this court's subject matter jurisdiction"), *F&R adopted*, 2012 WL 74779.

Indeed, Plaintiff previously filed an unrelated action in the Northern District of California that raised similar allegations against the United States of America concerning the Department of Justice's failure to produce recordings of alleged threats, tortures and break-ins, the government's employment of electronic sound effects of voices patronizing of false accusations, and defendants' infliction of

mental psychological abuse. *Arnold v. United States*, No. 19-cv-05147-SVK, 2020 WL 732995, at *1-2 (N.D. Cal. Feb. 13, 2020). The Court dismissed that action, finding: "Plaintiff's implausible claims cannot confer subject-matter jurisdiction on this Court." *Id.*

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (citation omitted). While the court ordinarily would permit a pro se plaintiff the opportunity to amend, Plaintiff's delusional allegations in this action compel this Court to conclude that amendment of the complaint would be futile. *Cahill*, 80 F.3d at 339. Allowing Plaintiff to amend her complaint would be futile, as more detailed allegations regarding Plaintiff's claims of spying, mind control, and other alleged conduct would not remedy the Complaint's lack of subject-matter jurisdiction. Accordingly, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.[2]

**Conclusion and Recommendation**

For the reasons set forth above, the Court finds it lacks subject-matter jurisdiction over Plaintiff's claims. Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss (Doc. 14) be GRANTED;
2. Plaintiff's complaint (Doc. 1) be DISMISSED WITH PREJUDICE and without leave to amend; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

---

[2] The assigned district judge has denied without prejudice Plaintiff's separate motion to transfer venue (Doc. 28).

4

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2023**

UNITED STATES MAGISTRATE JUDGE